[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 19-11048

Non-Argument Calendar

_____

CARL RICHARD SAMSON,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent- Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 1:16-cv-22521-RNS,
1:10-cr-20855-RNS-1

2                 Opinion of the Court                 19-11048

———————————

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Carl Samson, a counseled federal prisoner, previously appealed from the district court's dismissal of his authorized second or successive 28 U.S.C. § 2255 motion to vacate, correct, or set aside sentence, and we affirmed. *Samson v. United States*, 851 F. App'x 950 (11th Cir. 2013). However, the U.S. Supreme Court subsequently granted *certiorari*, vacated our judgment, and remanded the case for us to reconsider our decision in light of *United States v. Taylor*, 142 S. Ct. 2015 (2022). *Samson v. United States*, 142 S. Ct. 2858 (2022). Samson and the Government filed a joint motion for summary reversal, asserting his attempted Hobbs Act robbery conviction no longer qualifies as a predicate "crime of violence" for his 18 U.S.C. § 924(c) conviction.

Given the Government's waiver of procedural default, we agree with the parties. In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held that § 924(c)(3)(B)'s residual clause is unconstitutionally vague, and, in *Taylor*, the Court ruled that attempted Hobbs Act robbery is not a predicate "crime of violence" under § 924(c)(3)(A)'s elements clause. *See Davis*, 139 S. Ct. at 2336; *Taylor*, 142 S. Ct. at 2019-21. Accordingly, the parties' joint motion for summary reversal is GRANTED. *See Groendyke*

*Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[1] (explaining summary disposition is appropriate where "the position of . . . the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case").

We therefore vacate Samson's Count 3 conviction and consecutive 120-month sentence, and remand to the district court for entry of a new judgment. Consistent with our ordinary practice, we also vacate Samson's entire sentence and remand for resentencing on Counts 1 and 2. *See United States v. Fowler*, 749 F.3d 1010, 1017 (11th Cir. 2014) (explaining that, when a conviction is set aside, we presume that "sentences on each count of a multi-count indictment are part of a package that may ... be revisited to ensure that the overall sentence on the surviving counts is consistent with the district court's intentions, the guidelines, and the § 3553(a) factors"); *id.* ("[S]entences that include a mandatory consecutive term of imprisonment ... are particularly well suited to being treated as a package because they are inherently interdependent." (quotation marks and alteration omitted)).

**REVERSED, VACATED and REMANDED.**

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.